IDA ZELBER AND HARRY ZELBER, RESPONDENTS, v. COMMONWEALTH CASUALTY COMPANY, APPELLANT.

Submitted October 26, 1929—Decided May 19, 1930.

On appeal from the Atlantic County Circuit Court, in which judge Sooy filed the following opinion:

"For the purpose of a determination of the issues in this case the parties, by their respective attorneys, have filed a stipulation of facts.

"By the stipulation so as aforesaid filed, it is undisputed that at the time of the accident Caplin was operating his auto bus on Pacific avenue in Atlantic City, but he was not then actually engaged in receiving and discharging passengers, but that he was on an errand of his own.

"Defendant says that under the Kates act (*Pamph. L.* 1916, *ch.* 136) it cannot be contended that Caplin was, at the time of the accident, operating a jitney bus as defined by said act, and that, therefore, defendant is not liable on its insurance policy which it had issued to Caplin.

"A decision of this case requires a construction of the policy in question, and that construction should be, in case of doubt, favorable to the assured (in this case the public).

"In the first and second paragraphs of the policy the defendant has not limited the coverage by providing that the public should only be indemnified while the auto bus was being operated as a jitney and actually engaged in receiving and discharging passengers, but 'against loss from liability imposed by law upon the auto bus owner or damages on account of bodily injuries or death suffered by any person or persons, as a result of an accident occurring by reason of the ownership, maintenance or use of the auto bus' upon the public streets of Atlantic City, and then, in paragraph 2: 'The company will pay any final judgment recovered by any person on account of the ownership, maintenance and use of such auto bus,' &c.

"Of course, it is quite apparent that the terms of the policy as contained in these two paragraphs are taken *verbatim* from the Kates act.

"It is quite true that at the time the accident actually happened Caplin was not carrying passengers, but the characteristics of an auto bus, as defined by the Kates act, were not lost thereby.

"In the case of *Connelly* v. *Commonwealth*, 96 *N. J. L.* 510, the vehicle at the time of the accident was not actually engaged in the carrying of passengers, but, when it completed its trip, it was to re-engage in carrying them, and in the instant case there was a mere temporary use of the auto bus

for other purposes than carrying passengers 'without such an abandonment of the general scope of the purpose for which the jitney car was insured' as to deprive the public of the benefit of the policy. It must also be observed in the instant case (unlike the Connelly case, *supra*) that the policy itself does not limit the liability of the defendant company to such times as the auto bus shall be in 'passenger service,' nor does the policy before me limit the liability (in so far as the public is concerned) to such times as it (jitney) shall be actually operating as an auto bus, but 'on account of the ownership, maintenance or use.' It would seem to me, therefore, that under a proper construction of the terms of the policy in question, that the plaintiffs are entitled to recover.

"Judgment may be entered in favor of the plaintiffs."

Judge Sooy also filed the following supplemental opinion:

"This cause was tried before me without a jury upon a stipulation of the facts. Defendant moved for a nonsuit upon the stipulation of facts as presented on the ground that under a proper construction of the policy of insurance under review the policy did not cover Caplin, the assured, because at the time of the accident in question the automobile of defendant's assured was not owned, operated or maintained as a jitney bus within the scope and provisions of the Kates act, and that said automobile had lost its identity as such. I denied the nonsuit. Due exception was taken thereto by the defendant, which said exception was allowed by me. The defendant moved for a direction of a verdict in its behalf upon the determination of the whole case on the ground that defendant had agreed to insure a jitney bus and that at the time of the accident in question the automobile of defendant's assured had lost its identity as such, was being operated as a privately owned vehicle and that the policy of insurance under review did not legally bind the defendant under the facts stipulated and agreed upon. I denied the motion for a direction of a verdict in favor of the defendant. Due exception was taken by the defendant on this ruling, and said exception was al-

lowed by me. I found in favor of the plaintiff and against the defendant for the amount claimed. Due exception was taken by the defendant to this ruling on the ground that the car that defendant had, by the terms of its policy of insurance, agreed to insure, was a jitney bus as defined by the Kates act, and that at the time of the accident in question the automobile of the defendant's assured was not owned, operated or maintained as a jitney bus, within the meaning and scope of the Kates act, and therefore the policy of insurance was not binding upon the defendant.

"Said exception was granted. The exceptions hereinabove set forth were duly allowed and sealed by me upon my determination of this cause. Let this supplemental memorandum and order allowing and sealing exceptions be entered in the minutes of this court *nunc pro tunc* as of April 19th, 1929, the date of filing of my original memorandum."

For the appellant, *Cole & Cole.*

For the respondents, *Paul M. Salsburg.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of Judge Sooy in the Circuit Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.

*For reversal*—None.